**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVE PIERRE, | : | CIVIL ACTION NO. **1:CV-10-2634** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| MARY SABOL, Warden, | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

**I. Procedural Background.**

On December 27, 2010, the Petitioner, Dave Pierre, a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The Petitioner, proceeding *pro se*, names as Respondent Mary Sabol, Warden of the York County Prison ("YCP"), where the Petitioner is currently confined.[1] (Doc. 1). The Petitioner paid the filing fee. (Doc. 1).

The Court issued an Order to Show Cause on January 3, 2011, and directed the Respondent to answer to the Habeas Petition. (Doc. 3). After being granted an extension of time, the Respondent filed a Response to the Habeas Petition with attached Exhibits on February 7, 2011. (Doc. 8). The Petitioner did not file a Traverse.

---

[1] As Petitioner recognizes (Doc. 1, p. 2), this Court has venue and jurisdiction with respect to his habeas petition challenging his continued physical custody by BICE at YCP. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) (finding that a petition pursuant to 28 U.S.C. § 2241 challenging an alien's present physical custody in the United States should be filed in the district where the petitioner is confined).

-1-

**II. Statement of Case.**

The Petitioner is a citizen and native of Antigua and Barbuda. (Docs. 1 and 9). He claims to have first arrived in the United States in 1972 through St. Croix of the U.S. Virgin Islands. (Doc. 1 at 2).

On August 19, 1985, the Petitioner was convicted in Municipal Court in Highland Park, New Jersey, of making a false statement and he was ordered to pay a fine. (Doc. 9, Ex. 1). On July 17, 1991, the Petitioner was convicted in the New Jersey Superior Court in Middlesex County of cocaine possession, and he was sentenced to three (3) years of confinement. (*Id.*) As a result, the Petitioner was placed into removal proceedings pursuant to an Order to Show Cause and Notice of Hearing. (Doc. 9, Ex. 2).

On August 6, 1993, the Petitioner was ordered to be removed from the United States. (Doc. 9, Ex. 3). The Petitioner reserved an appeal, but on August 17, 1993, he withdrew his appeal. (Doc. 9, Ex. 4 and Ex. 5). Finally, on October 14, 1993, the Petitioner was removed from the United States. (Doc. 9, p. 2 and Ex. 3).

The Petitioner admittedly re-entered the United States illegally in August of 1994, less than a year after he was removed.[2] (Doc. 1 at 3). He claims he re-entered without inspection on account of his ex-wife's drug addiction, which left his children in an unsafe environment. (*Id.*; Doc. 1, Ex. A).

On June 25, 1996, the Petitioner was convicted of the manufacture and distribution of a controlled substance in New Jersey Superior Court. (Doc. 9, Ex. 1). He was sentenced to five (5) years confinement. (*Id.*) On December 20, 1996, the Petitioner was again convicted of the manufacture and distribution of a controlled substance and sentenced to three (3) years of confinement. (*Id.*) On June 22, 2004, the Petitioner was convicted of hindering apprehension in the Municipal Court of New Brunswick, New Jersey, and ordered to pay a fine. (*Id.*)

---

[2] The Respondent notes that the Petitioner later claimed to have re-entered the United States on or about October 16, 1993, two days after he was initially removed, through St. Croix in the U.S. Virgin Islands. (Doc. 9, Ex. 6).

-2-

On March 30, 2009, ICE officials issued to the Petitioner a Notice of Intent/Decision to Reinstate Prior Order, which reinstated the August 6, 1993 removal order. (Doc. 9, Ex. 7). On May 21, 2009, the Petitioner was indicted in the United States District Court for the District of New Jersey for illegal re-entry into the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Doc. 9, Ex. 8). The Petitioner pled guilty and was sentenced to eighteen (18) months imprisonment. (Doc. 9, Ex. 9).[3]

As a result, on June 25, 2010, ICE recommended that the Petitioner be removed from the United States pursuant to 8 U.S.C. § 1231(a)(5), upon his release from custody. (Doc. 9, Ex. 10).

On September 7, 2010, the Petitioner was taken into ICE custody. (Doc. 9, Ex. 11 at ¶ 3). On September 24, 2010, the Petitioner requested relief from removal based on a claim that he feared persecution and torture in Antigua upon his return. (*Id*. at ¶ 4). Petitioner was interviewed on October 1, 2010, by an asylum officer regarding his reasonable fear of persecution and torture claim. (Doc. 9, Ex. 1). The asylum officer concluded that the Petitioner failed to establish his fear of persecution and torture in Antigua was reasonable.

On January 3, 2011, the Petitioner appealed the asylum officer's conclusion to an Immigration Judge ("IJ") and the asylum officer referred the decision to the IJ. (Doc. 9, Ex. 12 and Ex. 13). On January 10, 2011, the IJ vacated the decision of the asylum officer and directed that the immigration proceedings continue. (Doc. 9, Ex. 14). The Petitioner sought further relief from removal and claimed he was a derivative citizen of the U.S. (*Id*.).

On December 7, 2010, ICE determined that the Petitioner would remain in ICE mandatory custody pursuant to § 236(c) [8 U.S.C. § 1226(c)] of the Immigration and Nationality Act ("INA"). (Doc. 9, Ex. 1). This Decision to Continue Detention stated that "ICE expects the Headquarters Asylum Office to issue a decision in your case in the near future." (*Id*.). There

---

[3]See also Doc. 1, Ex. A.

is no indication that the Petitioner has received his final Order of Removal.[4]

On December 27, 2010, the Petitioner filed the instant Petition for a Writ of Habeas Corpus, challenging the applicability of § 236(c) to him and arguing that his continued detention has been unreasonably prolonged. (Doc. 1 at 3).

## III. Claims of Habeas Petition.

In his Petition for a Writ of Habeas Corpus, the Petitioner challenges ICE's determination that he is subject to mandatory detention under § 236(c) [8 U.S.C. § 1226(c)]. (Doc. 1). He challenges the authority of ICE to detain him while he is waiting to be removed and argues that his detention has been "unreasonably prolonged." (*Id*.). The Petitioner also seeks an individualized bond hearing to determine his risk of flight and danger to the community. (Doc. 1 at 5).

The Respondent argues that the Petition should be denied because the Petitioner failed to exhaust his administrative remedies in regards to his argument that ICE does not have the authority to detain him under §236(c). (Doc. 9). The Respondent also argues that the Petitioner's detainment has not been unreasonable. (*Id*.)

## IV. Discussion.

Initially, based on *Thomas v. Hogan*, 2008 WL 4793739, *3 (M.D. Pa.), we agree with Petitioner that this Court has jurisdiction to decide his Habeas Petition. In *Thomas*, the Court stated:

> It is well-established that district courts retain jurisdiction to consider an alien's habeas challenge to the statutory framework mandating his detention during removal proceedings. *See* 28 U.S.C. § 2241(c)(3) (noting that the writ of habeas

---

[4] The Respondent notes that the Petitioner is not subject to a final order of removal because of the Petitioner's "reasonable fear" claim, made for the first time on September 24, 2010. (Doc. 9 at 12, n. 10). Neither the Petitioner nor the Respondent have filed any recent documents that indicate the Petitioner is now subject to a final removal order or that the Petitioner's status has changed.

> corpus may extend to those held in custody in violation of the constitution "or laws or treaties of the United States"); *Demore v. Kim,* 538 U.S. 510, 517, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003) (finding that the INA does not bar habeas review of statutory or constitutional challenges to detention).

*Id*. *See also Madrane v. Hogan*, 2007 WL 3145956, * 12 - * 13 (M.D. Pa.), 520 F. Supp. 2d 654 (M.D. Pa. 2007); *Dang v. Lowe*, 2010 WL 2044632, 2010 WL 2044634 (M.D. Pa.).

> A.   *The Petitioner has failed to exhaust his administrative remedies by requesting a Joseph Hearing*

The Petitioner argues that § 236(c) of the INA is inapplicable to him. (Doc. 1). In *Motto v. Sobol,* 2010 WL 146315, *3 (M.D. Pa.), the Court stated:

> The apprehension and detention of aliens, pending removal decisions, are governed by the provisions by § 236 of the INA, 8 U.S.C. § 1226. Under § 1226(a), the Attorney General may issue a warrant for arrest and detention of an alien, pending a decision on whether the alien is to be removed from the United States. Although § 1226(a) permits discretionary release of aliens on bond, §1226(c) (1) states that "The Attorney General shall take into custody any alien who … (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1).

*See also*, *Thomas v. Hogan*, 2008 WL 4793739, *1-*2; *Donaldson v. Donate*, 2009 WL 5179539, *2 (M.D. Pa.).

The Respondent argues that the Petitioner has failed to exhaust his administrative remedies because he has not followed the proper administrative procedures which would allow him to seek the relief he has requested. (Doc. 9). The Respondent suggests that the Petitioner's avenues for relief can be found in the administrative processes and not through the channels of this Court. The Respondent states that when an alien is taken into custody pursuant to Section 1226(c), the alien may argue, as the Petitioner does here, that his detention is not covered by § 1226(c) by requesting an immediate hearing before an IJ, known as a *Joseph* hearing. *See Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999). At a *Joseph* hearing, a detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that DHS is otherwise substantially unlikely to establish that is in fact subject to mandatary detention. *Demore v. Kim*, 538 U.S. 510, 514, n.3 (2003)(citations omitted). *See also* 8 C.F.R. §§ 236.1(d)(1) and 1236.1(d)(1) and 8 C.F.R. § 1003.19(h)(2)(ii).

If the IJ determines that the alien does not fall within § 1226(c), then the IJ could conduct a bond hearing to determine whether the alien can be released. *See Matter of Joseph* 22 I. & N. Dec. at 806; *Burns v. Cicchi*, 702 F.Supp.2d 281, 283 (D.N.J. 3-10-10)(detained alien Petitioner requested a hearing before an IJ to determine if he could be released on bond because he believed he was not subject to mandatory detention under §1226(c) of the INA).

In *Fisher v. Aviles*, 2011 WL 765977, *3 (D.N.J. 2-23-11), the Court stated:

> Under the mandatory detention statute, however, immigration courts are without jurisdiction to redetermine the conditions of custody of an alien in removal proceedings subject to 8 U.S.C. § 1226(c)(1), such as by setting bond. 8 C.F.R. § 1003.19(h)(2)(i) (D) (2008). An alien may request a *Joseph* hearing before an immigration judge to determine if the alien is properly included in the mandatory custody provision, pursuant to *Matter of Joseph,* 22 I. & N. Dec. 299 (BIA 1999) and 8 C.F.R. § 1003.19(h)(2)(ii).

*See also Nivar v. Weber*, 2010 WL 4024771, *3 (D.N.J. 10-13-10).

In *Flores-Powell v. Chadbourne*, 677 F.Supp.2d 455, 468, n. 15 (D.Mass. 2010), the Court noted that "an Immigration Judge deciding whether the mandatory detention statute applies to an alien must inquire whether the government 'is substantially unlikely to establish at a merits hearing, or on appeal, the charge or charges that would otherwise subject the alien to mandatory detention.'" (citing *Joseph* 22 I. & N. Dec. at 806).

Here, it appears the Petitioner Pierre has not followed proper administrative procedures for appealing ICE's decision. ICE determined that the Petitioner was subject to mandatory detention under §1226(c), and the Petitioner did not appeal that determination to an IJ as specified in DHS regulations. (Doc. 9 at 13 and Ex. 11, ¶ 3). As stated, on December 7, 2010, an ICE Field Office Director reviewed the Petitioner's custody status and determined that he would continue to be detained. (*Id*., Ex. 1). ICE cited to the Petitioner's previous removal, the reinstatement of his prior order of removal, and to his multiple criminal convictions, including his 2010 conviction for illegal re-entry. The Petitioner did not appeal this determination either. (*Id*.).

Generally, a writ of habeas corpus will not issue if the Petitioner has not exhausted his administrative remedies. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757 (3d Cir. 1996)

(It is well-settled that before a prisoner can bring a habeas petition under 28 U.S.C. § 2241, administrative remedies must be exhausted). If a prisoner does not exhaust available remedies, the petition should be dismissed. *Arias v. United States Parole Commission*, 648 F.2d 196, 199 (3d Cir. 1981); *Mayberry v. Pettiford*, 2003 WL 21635306 (5th Cir.); and *Lindsay v. Williamson*, Civil No. 07-808, M.D. Pa., (7-26-07 Memo, J. Caldwell), slip op. p. 4.

However, based on the Court's decision in *Cox v. Monica*, 2007 WL 1804335 (M.D. Pa.), we find that exhaustion is not required in our case since Petitioner is not appealing a final order of removal. Further, as the *Cox* Court held, even if exhaustion were required, it would be futile in this case. The *Cox* Court stated as follows:

> Under the immigration laws, exhaustion of administrative remedies is statutorily required only on appeals of final orders of removal, 8 U.S.C. § 1252(d)(1). Exhaustion is not required when a petitioner challenges decisions concerning bond, as is the case here. *Rowe v. Immigration & Naturalization Serv.,* No. Civ. A. 98-11511-GAO, 1999 WL 289362, at * 2 (D.Mass. Apr. 30, 1999); *Pastor-Camarena v. Smith*, 977 F.Supp. 1415, 1417 (W.D. Wash. 1997) (finding no exhaustion requirement in a pre-deportation challenge to bond denial); *Montero v. Cobb*, 937 F.Supp. 88, 91 (D.Mass. 1996) (stating that there is no federal statute that imposes an exhaustion requirement on aliens taken into custody pending their removal).
>
> However, even if the court were to conclude that exhaustion was required, in light of the fact that exhaustion of administrative remedies is considered futile where the administrative body has predetermined the issue before it, *see McCarthy v. Madigan*, 503 U.S. 140, 148, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992), and all indications are that the BIA has done just that, the court would opt to excuse exhaustion and consider the matter.

2007 WL 1804335, * 3; *Matthias v. Hogan*, 2008 WL 913522, *4-*5 (M.D. Pa.).

Petitioner Pierre has been detained by ICE under §1226(c) for about eight months, *i.e.* since September 7, 2010. To date, Petitioner has not requested a hearing before an IJ pursuant to *Matter of Joseph*. (Doc. 9, Ex. 11). We find that even though the Petitioner did not exhaust his administrative remedies with respect to his claim challenging the application of §1226(c) to him by requesting a *Joseph* hearing before an IJ, Petitioner should be afforded a *Joseph* hearing within thirty (30) days. Therefore, we shall not recommend that Petitioner's Habeas Petition with respect to the claim that §1226(c) does not apply to him be dismissed for failure to exhaust

his administrative remedies.

*B. The Petitioner's Detainment has not been unreasonable or prolonged*

The Petitioner also argues that his detention is unconstitutional and unreasonably prolonged. The United States Supreme Court held in *Demore v. Kim*, 538 U.S. 510 (2003), that mandatory detention under 8 U.S.C. § 1226(c) during removal proceedings does not violate the convicted alien's due process rights. In *Demore*, a lawful permanent resident filed a habeas petition challenging the mandatory custody provision of § 1226(c), pursuant to which he was held for six months during the pendency of removal proceedings against him. *Id*. Justice Kennedy, in concurring, stated that due process may require an individualized determination if continued detention becomes unreasonable or unjustified. *Id*.

However, the Court's holding in *Demore* has not resulted in an absolute or an unconditional approach to the issue of detention pending removal for convicted aliens. While the Court in *Demore* held that mandatory detention of a convicted alien pending removal is constitutional, federal courts nationwide and within this district have echoed Justice Kennedy's concurrence in determining that the prolonged or indefinite detention of aliens under § 1226(c) may violate due process rights. *See Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005)(deciding that an alien was entitled to be released on bail after being imprisoned for over two years during removal proceedings); *Nunez-Pimental v. U.S. Department of Homeland Security*, 2008 WL 2593806, at * 5 (M.D. Pa. 2008) (deciding that prolonged detention justified habeas relief under reasonable conditions of supervision)*; Prieto-Romero v. Clark*, 534 F.3d 1053, 1065-66 (9th Cir. 2008) (deciding that periodic reviews of an alien's prolonged detention can satisfy due process concerns); *Occelin v. District Director for Immigration Custom Enforcement*, 2009 WL 1743742 (June 17, 2009 M.D. Pa.)(Rambo, J.)(ordering a hearing at which the government must justify the petitioner's prolonged detention).

In *Lawson v. Gerlinski*, 332 F.Supp.2d 735 (M.D. Pa. 2004)(Vanaskie, J.), the Court held that an eighteen (18) month detention period for a petitioner, who had obtained a stay of

removal while he challenged the enforceability of his removal order, was unreasonable. Relying on the Sixth Circuit's decision in *Ly v. Hansen,* 351 F.3d 269 (6th Cir. 2003), the District Judge stated, "As recognized in *Ly*, the Supreme Court in *Zadvydas v. Davis* 'established that deportable aliens, even those who already had been ordered removed, possess a substantive Fifth Amendment liberty interest, and that the interest was violated by indefinite detention.'" *Lawson*, 332 F.Supp.2d at 745 (internal citations omitted).  He added that the Third Circuit has stated that "even excludable aliens, *i.e.*, non-lawful permanent residents, with criminal records are protected by the Due Process Clause when it comes to prolonged detention." *Id*. at 744. (citing *Ngo v. Immigration and Naturalization Service*, 192 F.3d 396, 398-399 (3rd Cir. 1999)).

In *Madrane v. Hogan*, 520 F.Supp.2d 654 (M.D. Pa. 2007)(Kane, C.J.), the Court determined that the Supreme Court's decision in *Demore* was not meant to protect prolonged or indefinite detention.  The Court stated that the *Demore* decision was "grounded in repeated reference to the anticipated brevity that pre-final order removal proceedings are expected to take in the ordinary course." *Id*. at 664.  The Court also noted that several courts have determined that due process requires an alien who is subject to lengthy mandatory detention must be given a bail hearing or be released, citing the Sixth Circuit's decision in *Ly* and a plethora of other cases.  See *Madrane*, 520 F.Supp.2d at 665; *Motto, supra.*

In *Motto*, 2010 WL 146315, *3-*4, the Court stated:

> The United States Supreme Court held in *Demore v. Kim,* 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003), that mandatory detention under 8 U.S.C. § 1226(c) during removal proceedings does not violate the protections guaranteed under the Constitution. In *Demore,* a lawful permanent resident filed a habeas petition challenging the no-bail provision of § 1226(c), pursuant to which he had been held for six months during the pendency of removal proceedings against him. The Supreme Court held that detention of lawful permanent residents during removal proceedings is constitutionally permissible, even when there has been no finding that they are unlikely to appear for their deportation proceedings. *See id.,* 538 U.S. at 523-524. Significantly, the *Demore* court repeatedly qualified its holding by noting that mandatory detention is constitutionally permissible for the "brief," 538 U.S. at 513, 523, "limited," *id.* 526, 529 n. 12, 531, and "temporary," *id.* at 531, period necessary for removal proceedings. When it moves beyond the brief and limited period reasonably necessary to accomplish removal proceedings, mandatory detention is inconsistent with both the due

>process required by the Constitution and the statutory purposes of the INA.
>
>The growing consensus within this district and, indeed it appears throughout the federal courts, is that the prolonged detention of aliens under § 1226(c) raises serious constitutional concerns. *See, e.g., Tijani v. Willis,* 430 F.3d 1241, 1242 (9th Cir.2005); *Ly v. Hansen,* 351 F.3d 263, 267-68 (6th Cir.2003); *Lawson v. Gerlinski,* 332 F.Supp.2d 735, 744-46 (M.D.Pa.2004); *Prince v. Mukasey,* 593 F.Supp.2d 727, 734 (M.D.Pa.2008); *Madrane v. Hogan,* 520 F.Supp.2d 654 (M.D.Pa.2007). Although mandatory detention under § 1226(c) serves the statutory purpose of guaranteeing an alien's presence at removal proceedings, prolonged detention contravenes the intent of Congress that such proceedings proceed expeditiously. *Ly,* 351 F.3d at 269; *see also Patel v. Zemski,* 275 F.3d 299, 304 (3d Cir.2001), overruled on other grounds by *Demore,* 538 U.S. at 516 (noting "[t]he current immigration laws reflect part of a growing effort by Congress to expedite the removal of criminal aliens").

In *Chowdhury v. Holder*, 2011 WL 765974, *7 (D.N.J. 2-25-11), the Court stated:

>The Third Circuit has not applied *Demore* in any published decision. However, in *Castellanos v. Holder,* 337 Fed. App'x 263 (3d Cir.2009), the Third Circuit affirmed the dismissal of a § 2241 petition raising a challenge under *Zadvydas* to petitioner's mandatory detention pursuant to § 1226(c) pending the outcome of his petition for review of an order of removal denying asylum, where the Court of Appeals had stayed petitioner's removal.

In *Alli v. Decker*, 644 F.Supp. 2d 535, 2009 WL 2430882 (August 10, 2009 M.D. Pa.)(Jones, J.), the Court adopted a reasonableness standard to assess the extended detention of aliens and ensure that the requirements of due process are served. Adopting a variation of the approach taken by the Sixth Circuit case of *Ly v. Hansen*, the Court stated:

>The Court construes § 1226(c) as authorizing mandatory detention for the period of time reasonably necessary to promptly initiate and conclude removal proceedings. If an alien detained pursuant to § 1226(c) makes a showing via a habeas petition that detention is no longer reasonable, the alien must be afforded a hearing before the habeas court at which the government bears the burden of justifying continued detention based on traditional bail factors such as the alien's risk of flight and potential danger to the community.

*Alli v. Decker*, 2009 WL 2430882, *7 (M.D. Pa. 2009); *Jayasekara v. Warden, York County Prison*, 2011 WL 31346 (M.D. Pa. 1-15-11).

The *Alli* Court laid out four factors to consider in determining the reasonableness of continued detention under § 1226(c): 1) whether the detention has continued beyond the average time necessary for completion of removal proceedings; 2) the probable extent of future

removal proceedings; 3) the likelihood the removal proceedings will actually result in removal; and 4) the conduct of the alien and the government during removal. *Id*. The Court noted that these factors are not a conclusive or comprehensive list of all considerations, emphasizing that a court should examine the facts of each case to determine whether there has been an unreasonable delay in concluding removal proceedings. *Id*.

In light of the above mentioned factors, we find that Petitioner Pierre's continued detention has not been an unreasonable detention and does not offend the requirements of due process. First, the petitioner's detention has not been unduly prolonged. The Petitioner was taken into custody on September 7, 2010, about eight (8) months ago. He filed his Petition for habeas relief less than four (4) months later. We do not believe it is reasonable to find that his detention has continued for so long as to be excessive when it has not continued beyond the average detention period. *See Jah v. Attorney General*, 258 Fed.Appx. 394 (3rd Cir. 2007)(*per curiam*)(holding that the language of § 1226(c) authorized a sixteen (16) month mandatory detention).

Second, there is not a basis to expect that the duration of future removal proceedings in this matter will be extensive. The Respondent notes that when the Petitioner was removed to Antigua in 1993, his removal took place within two (2) months. (Doc. 9 at 13). The Respondent states that when his "reasonable fear" claim becomes administratively final, his removal should be prompt this time as well. (*Id*.)

Third, it is likely that the petitioner's removal proceedings will actually result in removal, as there is no evidence that the petitioner is ineligible for removal.

Lastly, the petitioner and respondent are equally responsible for the length of time that the Petitioner has been detained. The Petitioner's immigration proceedings were delayed while the Petitioner made a "reasonable fear" claim on September 24, 2010, claiming that he faced torture and persecution upon his return to Antigua. See *Prince v. Mukasey*, 593 F.Supp.2d 727, 735-36 (M.D. Pa. 2008)(Conaboy, J.) (holding that a sixteen (16) month detention during removal proceedings did not violate due process because the alien, as well as the government,

took steps that prolonged the proceedings).

Thus, we will recommend Petitioner Pierre's claim that his detention has been prolonged for an unreasonable length of time be denied. *See Jayasekara v. Warden, York County Prison*, 2011 WL 31346.

**V. Recommendation**.

Based upon the foregoing, it is respectfully recommended that the Petitioner Pierre's Petition for Writ of Habeas Corpus **(Doc. 1)** be granted to the extent that Petitioner should be afforded a *Joseph* hearing before an Immigration Judge within thirty (30) days. It is recommended that the Petitioner Pierre's Habeas Petition to the extent he claims that his detention has been prolonged for an unreasonable length of time be denied.


        **s/ Thomas M. Blewitt**

        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**

**Dated: May 20, 2011**

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVE PIERRE, | : | CIVIL ACTION NO. **1:CV-10-2634** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| MARY SABOL, Warden, | : | |
| Respondents. | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 20, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                s/ Thomas M. Blewitt
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: May 20, 2011**