IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVE PIERRE, :
        Petitioner :
:
  v. : CIVIL NO. 1:10-CV-2634
:
MARY SABOL, :
        Respondent :

*M E M O R A N D U M*

        This is a 28 U.S.C. § 2241 petition filed pro se by Dave Pierre, an ICE detainee, challenging his continued detention under 8 U.S.C. § 1226(c). We are considering his motion under Fed. R. Civ. P. 60(b)(6) for relief from our order of June 20, 2011. In that order, we required that Petitioner be granted a *Joseph* hearing before an immigration judge but denied any other relief sought.[1] Our order was based on the magistrate judge's report and recommendation of May 20, 2011, 2011 WL 2470461 (M.D. Pa.), to which no objections had been filed by either party.

        The Department of Homeland Security complied with the order and held a *Joseph* hearing on June 24, 2011. The immigration judge denied relief on the basis that Petitioner was subject to a final order of removal and hence he was no longer being held in custody under section 1226(c). Consequently, he had no jurisdiction to hold a *Joseph*

---

[1] "[A] *Joseph* hearing gives an alien the opportunity to avoid mandatory detention [under section 1226(c)] by establishing that he is not an alien, was not convicted of a crime requiring mandatory detention, or is otherwise not subject to mandatory detention" under that section. *Diop v. ICE/Homeland Security*, __ F.3d __, 2011 WL 3849739, at *8 (3d Cir. 2011)(quoted case omitted).

hearing. The Rule 60(b)(6) motion argues this ruling violated our order. The motion also reiterates Petitioner's contention that his continued detention violates due process.[2]

We see no reason to grant relief from the judgment under Rule 60(b)(6).[3] That subsection of Rule 60(b) requires extraordinary circumstances. *Walsh v. Krantz*, 423 F. App'x 177, 180 (3d Cir. 2011)(per curiam)(nonprecedential)(citing *Martinez-McBean v. Gov't of the Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977)). In regard to the *Joseph* hearing, our order did not require that the immigration judge grant any relief, only that he hold a hearing on the merits. There is thus no basis for granting relief from this aspect of the judgment.

In regard to Petitioner's continued detention, the Rule 60(b) motion relies on events that have occurred since our June 20, 2011, order: (1) on August 30, 2011, the Board of Immigration Appeals reversed the immigration judge's decision of May 31,

---

[2] The petition and Rule 60(b) motion were filed while Petitioner was being detained at the York County Prison in York, Pennsylvania. Petitioner is now being detained at the Etowah County Detention Center in Gadsden, Alabama.

[3] Federal Rule Civil Procedure 60(b) allows a party relief from a final judgment or order based on:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Subsection (6), the section Petitioner invokes here, is the catchall provision.

2011, denying withholding, and remanded for further proceedings, including any current evidence bearing on Petitioner's request for withholding of removal; (2) Petitioner has now been in detention for about ten months (actually a little over a year), and the need for further proceeding based on the immigration judge's error will mean further detention.

These postjudgment events have no relevance to the order of June 20, 2011. *Walsh*, 423 F. App'x at 180. The magistrate judge's analysis, upon which the order is based and to which Petitioner did not object, that Petitioner's detention does not violate due process remains valid, *see* 2011 WL 2470461, at *7-8. We note that the analysis is in basic accord with the Third Circuit' recent approach to detention under section 1226(c) in *Diop v. ICE/Homeland Security*, __ F.3d __, 2011 WL 3849739, at *7, 9 (3d Cir. 2011).

We advise Petitioner that at some point his detention might violate due process. We have only ruled on the facts presented in this case. If he continues to be detained without being released or removed to Antigua, he is free to file another 2241 petition challenging his detention.

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 27, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVE PIERRE,                          :
       Petitioner            :
                             :
  v.                                  :  CIVIL NO. 1:10-CV-2634
                             :
MARY SABOL,                           :
       Respondent            :

*O R D E R*

AND NOW, this 27th day of September, 2011, upon consideration of Petitioner's motion (Doc. 13) under Fed. R. Civ. P. 60(b)(6) for relief from judgment, it is ordered that the motion is denied.

                                      /s/ William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge